BENJAMIN C. MILLER, Appellant, *v.* J. WESLEY BUSH, as Sole Overseer of the Poor of the Town of Cohocton, County of Steuben, and State of New York, Respondent.

*Costs — discretionary on a motion made for a new trial at the General Term in the first instance — items thereof.*

Where a motion is made for a new trial, and the exceptions are ordered to be heard in the first instance at the General Term, the allowance of costs of such motion rests, under section 3236 of the Code of Civil Procedure, in the discretion of the court, and the party prevailing upon such motion is only entitled to costs where they are awarded by the court. When so awarded, the several items of costs are regulated by subdivision 4 of section 3251 of the Code of Civil Procedure.

APPEAL by the plaintiff, Benjamin C. Miller, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Steuben on the 10th day of February, 1898, denying the plaintiff's motion for a retaxation of the defendant's costs.

This action is brought to recover the value of certain legal services claimed to have been rendered on behalf of the defendant by the plaintiff's assignor.

Upon the trial a nonsuit was directed, and thereupon the exceptions were ordered to be heard at the General Term in the first instance.

A hearing was subsequently had, which resulted in a denial of the plaintiff's motion for a new trial and the overruling of his exceptions, but the order of the General Term did not in terms award costs to either party.

Upon filing the decision of the General Term, the clerk taxed the defendant's costs at the same rate as though there had been an appeal from a judgment. A motion was thereupon made at

Special Term for a retaxation of costs, which was denied, and from the order denying the same this appeal is brought.

*W. E. Davis*, for the appellant.

*C. W. Stanton*, for the respondent.

PER CURIAM :

The right to costs is one which is created by statute, and consequently they can be awarded only in cases which are clearly within some statutory provision. (*Fargo* v. *Helmer*, 43 Hun, 17 ; *Patterson* v. *Burnett*, 17 Civ. Proc. Rep. 115.)

In this case, as we have seen, a trial was had, and although a result was reached, no judgment was entered, but the exceptions were ordered to be heard in the first instance at the General Term. The hearing which followed was simply a motion for a new trial, and the only statute authorizing the allowance of costs upon the decision of such a motion is section 3236 of the Code of Civil Procedure, which provides that, " costs upon a motion in an action where the costs thereof are not specially regulated in this act \* \* \* may be awarded \* \* \* in the discretion of the court or judge."

It is apparent, therefore, that, before the prevailing party upon any motion can become entitled to costs, the court before which the motion is made must, in the exercise of its discretion, specifically award them.

Had the General Term awarded the defendant costs, he would, undoubtedly, have been entitled to the several items allowed by the taxing officer. (Code Civ. Proc. § 3251, subd. 4.)

It is to be noted, however, that the section just cited does not authorize the award of costs ; it simply establishes the rate at which they shall be adjusted in certain cases where they have been awarded ; and inasmuch as in this instance no costs were awarded to either party, we are unable to discover any theory upon which the order appealed from can be sustained.

All concurred.

Order reversed and taxation modified by striking out all the costs of the General Term, without costs of this appeal to either party.