JOHN D. CUTTER, Respondent, *v.* GUDEBROD BROTHERS COMPANY, Appellant.

1. TRADE MARKS — UNLAWFUL USE OF TRADE NAME — ASCERTAIN-MENT OF PROFITS. Where upon the trial of an action to enjoin the defendant from using the name of the plaintiff in connection with the manufacture and sale of a certain article and for damages, it is determined that the plaintiff has suffered no damages and is entitled to recover only the profits on the sales unlawfully made, in determining the amount of such profits the percentage of expense of sales in the general business of the defendant should be deducted from the amounts realized from the sales of the article in question in addition to the cost of manufacture and the trade discount, even though it does not appear that the selling expenses of the defendant were increased by such sales.

2. INTEREST. Interest is properly allowed on the amount recovered from the time of the commencement of the action, since the amount of profits was capable of ascertainment by the defendant at the time of the sale.

*Cutter* v. *Gudebrod Brothers Co.*, 112 App. Div. 894, modified.

(Argued December 3, 1907; decided December 17, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 22, 1906, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. H. Crawford* for appellant. In computing the profits the referee should have allowed the defendant to deduct the expense of selling the goods from the gross receipts. (*Tremaine* v. *Hitchcock*, 90 U. S. 518.) The referee erred in allowing interest from the commencement of the action, because the amount of profits and damages was unliquidated and the method of computation in doubt. Interest should run from date of report. (*Smith* v. *Velie*, 60 N. Y. 111; *White* v. *Miller*, 71 N. Y. 134; *N. Y. B. N. Co.* v. *H. B. N. Co.*, 180 N. Y. 280; *Tilghman* v. *Proctor*, 125 U. S. 160; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331.)

*Robert B. Honeyman* for respondent. The referee did not err in disallowing the selling expense. (*Societe Anonyme* v. *W. D. Co.*, 46 Fed. Rep. 921; *N. Y. B. N. Co.* v. *H. B. N. Co.*, 180 N. Y. 295.) The defendant was properly charged with profits. (*Hart* v. *Ten Eyck*, 2 Johns. Ch. 602; *Starr* v. *Winegor*, 3 Hun, 491; *Lupton* v. *White*, 15 Ves. 440; *N. C. Co.* v. *Mfg. Co.*, 19 Fed. Rep. 520; *Stevens* v. *Phelps*, 2 Blatchf. 35.)

HAIGHT, J. This action was brought to enjoin the defendant from using the name of the plaintiff in connection with the manufacture and sale of spool silk, and to recover damages therefor. Upon the trial an interlocutory decree was entered enjoining the defendant from the use of the plaintiff's name, and adjudging that the defendant account for and pay over to the plaintiff all profits realized by it from the unlawful use of the plaintiff's name, together with the damages sustained by the plaintiff, and appointed a referee to take the

proofs and determine the amount. The referee, in his report, found that the plaintiff had suffered no damages, and was entitled only to recover the profits on the sales unlawfully made by the defendant. In determining the amount of such profits he deducted from the amounts realized upon the sale of the goods the cost of manufacture, together with .0768, per cent as trade discount on sales made, but refused to deduct .1177 per cent, the expenses of selling. The referee rejected the item upon the ground that it did not appear that the selling expenses of the defendant were increased by the sale of these goods.

It appears that the defendant corporation was engaged in the manufacture and sale of spool thread, both silk and cotton, and that the greater part of its business was in other than the Cutter brands of goods; that the Cutter brands were sold in connection with the other goods of the defendant, and its president was unable to separate the expenses of sale of the one class from those of the other class of goods, but that the percentage of expenses on sales, including the discount given to purchasers, amounted to .1945 per cent.

In the case of *Tremaine* v. *Hitchcock & Co.* (90 U. S. 518) Mr. Justice STRONG, in delivering the opinion of the court, says, with reference to the ascertainment of profits on sales made, that " we cannot see why the general expenses incurred by the defendants in carrying on their business, such expenses as store rent, clerk hire, fuel, gas, porterage, etc., do not concern one part of their business as much as another. It may be said that the selling of the tremolo attachment did not add to their expenses and, therefore, that no part of those expenses should be deducted from the price obtained for such an attachment. This is, however, but a partial view. The store rent, clerk hire, etc., it is true would have been the same if that single attachment had never been bought or sold; so it is true that the general expenses of their business would have been the same if, instead of buying one hundred organs they had bought and sold only ninety-nine; but will it be contended that because buying and selling an additional organ involved

no increase of the general expenses the price obtained for that organ above the price paid was all profit? Can any part of the whole number sold be singled out as justly chargeable with all of the expenses of the business? Assuredly, no." It appears to us that this case correctly states the rule for the ascertainment of the profits and that the referee should have followed it.

One other question is presented for review. The Special Term allowed interest upon the amount reported by the referee from the time of the commencement of the action. It will be recalled that no allowance was made for damages. If damages had been allowed, of course they would be unliquidated until determined by the referee. The only recovery, therefore, is for profits. We incline to the view that the amount was capable of ascertainment by the defendant at the time of the sale. He knew the cost of manufacture of each box of goods; he knew the exact amount that he allowed to purchasers for discount and he could have determined the actual cost incurred by him in making sales. We, therefore, are of the opinion that no error was committed in this regard.

The judgment should be reversed and a new accounting ordered, with costs to abide the event, unless the plaintiff stipulates within twenty days to reduce the amount of recovery to $227.21, with interest thereon from the date of the commencement of the action; if the plaintiff so stipulates the judgment is modified accordingly and as so modified affirmed, without costs of this appeal to either party.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, VANN, HISCOCK and CHASE, JJ., concur.

Judgment modified.