## LOUISVILLE LUMBER CO. v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1912.)

COSTS (§ 169*)—EXPENSE OF BOND.

Where defendant's application under Code Civ. Proc. § 3268, which provides that a foreign corporation may be required to give security for costs, a foreign corporation gave a surety company's undertaking, on recovery of judgment, the amount paid therefor was not taxable as costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 652, 653, 657, 658; Dec. Dig. § 169.*]

Appeal from Special Term, Broome County.

Action by the Louisville Lumber Company against Claremont E. Smith and another. From an order of the Special Term denying defendants' motion for a retaxation of plaintiff's costs as to the disbursements paid to a surety company as retaxed by the county clerk, defendants appeal. Order reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Hinman, Howard & Kattell, of Binghamton, for appellants.
T. B. & L. M. Merchant, of Binghamton, for respondent.

BETTS, J. After the commencement of the action the plaintiff was required, upon application of the defendants, to file an undertaking as security for costs on the ground that it was a foreign corporation. For this undertaking the plaintiff paid $10 to a surety company. On the trial the plaintiff recovered a verdict, and judgment was duly entered thereon. The plaintiff taxed its costs, including therein as a disbursement the $10 paid to said surety company. The item in the costs as taxed without notice was: "Pd. Surety Company for Undertaking 10.00."

After such taxation the plaintiff gave notice of retaxation before the clerk, when the defendants' attorneys appeared before the clerk and objected to the taxation of this item on the ground that it was not a proper item to charge said defendants with, and that it should not be taxed, as it was improperly contained among said disbursements as taxed. The plaintiff's attorney stated in support of such bill that the amount as charged was for the amount paid for the undertaking given as per an order of that court as security for costs, as required under section 3268 of the Code of Civil Procedure, where a foreign corporation brings an action. The objection to this item of $10 was overruled by the clerk, and it was retaxed as originally taxed. Thereupon the defendants' attorneys noticed a motion as to such item for an order directing a retaxation of such item on the ground that it was improperly retaxed against the defendants. This motion was denied by the Special Term, and from that order this appeal is taken.

The decision here is governed by our decision in Shipman, as receiver, against Treadwell and another, decided in March of this year, wherein a precisely similar item was disallowed as a taxable disbursement, for the reason that there was no statutory authority for the clerk to tax the same. No opinion was filed in that case. Costs were not known to the common law, and, in order to recover, the parties seeking to recover the same must point to some statute authorizing the clerk to tax and allow such items. Equitable Life Assurance Society v. Hughes et al., 125 N. Y. 106, 26 N. E. 1, 11 L. R. A. 280; McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650; Stevens v. Central National Bank, 168 N. Y. 560–566, 61 N. E. 904; Miller v. Bush, 29 App. Div. 117, 51 N. Y. Supp. 486. Practically the same question has been decided in Bick v. Reese, 52 Hun, 125, 5 N. Y. Supp. 121, where the plaintiff in an action in replevin had paid a premium to the American Surety Company for its bond, and the court held that the same could not be taxed. It is a prerequisite for maintaining an action of replevin that a bond should be filed. A surety company bond, however, is not required. It is also necessary when required by the defendant to secure the defendant from possible loss and as a protection to our citizens against nonresidents who use our courts for the purpose of asserting or defending claims that an undertaking should be filed or cash be deposited, so that the case of Bick v. Reese, supra, and this case are the same in principle. It was also held in Lee Injector Mfg. Co. v. Penberthy Injector Co., 109 Fed. 964, 48 C. C. A. 760, that the sum of $10.50 paid a surety company for furnishing appeal bond must be disallowed on a taxation of costs as there is no authority for taxing such an item.

The court is pointed to no authority by the plaintiff in this case for the taxation of this item, and I think the same should be disallowed.

It follows that the order appealed from must be reversed, with $10 costs to appellants.

Order reversed, with $10 costs and disbursements and motion granted as per opinion, without costs. All concur.