FORSTER MANUFACTURING COMPANY *vs.* CUTTER-TOWER COMPANY.

Suffolk.   March 21, 24, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Evidence*, Best and secondary. *Equity Jurisdiction*, To restrain unfair competition, Acounting for profits, Damages.

In a suit in equity by a corporation to restrain the defendant from selling certain goods in packages made in imitation of those of the plaintiff, upon the question of the loss of profits to the plaintiff, a witness, who was the plaintiff's secretary and general manager, may be allowed to testify from memory as to the cost of production and the selling price of the goods produced by the plaintiff, if he is testifying from his personal knowledge, although books and records kept by the witness contain written statements of the same facts; and, if he is unable to recall certain items of expense, such as telegrams and express charges, which entered into the cost of the goods, this does not show conclusively that he has not such personal knowledge, because he may know the total cost without remembering all the details that went to make it up.

In a suit in equity to restrain the defendant from selling certain goods in packages made in imitation of those of the plaintiff, where the plaintiff seeks damages as well as an accounting for profits unlawfully obtained by the defendant, the plaintiff, if he prevails, although he may recover both damages and profits so far as this may be necessary for his full compensation, cannot recover as damages the profits which he would have realized if he had made the sales

that were made wrongfully by the defendant and also recover the profits that the defendant made on the same sales. If the plaintiff suffered loss or damage from the defendant's acts for which the receipt of the defendant's profits will not compensate him, he is entitled to recover this additional amount as damages, but he cannot be allowed to recover twice for the same loss.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 20, 1910, by a corporation organized under the laws of the State of Maine against a corporation organized under the laws of this Commonwealth, to restrain the defendant from selling or offering for sale any toothpicks, not manufactured by the plaintiff, in packages like those of the plaintiff or so similar thereto as to cause the defendant's goods to be mistaken for the plaintiff's goods, praying also for the assessment of damages sustained by the plaintiff by reason of the defendant's wrongful acts, and for an accounting by the defendant for the profits which had accrued to it from its alleged unlawful acts.

The case was referred to Edward S. Goulston, Esquire, as master, and thereafter was heard upon the master's report by *Morton*, J., who with the consent of the parties reserved it for determination by the full court, with a stipulation that if the full court should determine that the plaintiff was entitled to the relief prayed for, the case was to stand for further hearing upon the question of damages and profits. In a decision reported in 211 Mass. 219, this court decided that the plaintiff was entitled to the relief prayed for and ordered that the case should stand for further hearing upon the question of damages and profits.

After the rescript an interlocutory decree was made by *Hammond*, J., by which, among other things, it was ordered "that the plaintiff do recover from the defendant all profits which have accrued to or have been realized by said defendant from the sale of toothpicks in packages like or similar to certain packages used by the plaintiff and also all damages which the plaintiff has sustained by the wrongful acts of the defendant as alleged in the bill of complaint."

The case then was referred again to the master, and later was heard by *De Courcy*, J., upon the defendant's exceptions to the master's report.

The justice made a memorandum of decision as follows:

"1. The first exception to the master's report is disposed of by

the agreement of counsel that interest on the profits should be allowed from the date of the filing of the master's report.

"2. Exceptions 2, 3, 4 and 5 are waived by the defendant.

"3. Exceptions 6 and 7 are to the failure of the master to rule that the plaintiff is not entitled to both profits and damages; and that it is entitled to nominal damages only, because of a failure to elect between profits and damages. The master rightly acted in accordance with the interlocutory decree issued upon the rescript in this case.

"4. The eighth exception is to the failure of the master to find that the plaintiff had suffered only nominal damages. In the absence of the evidence this exception cannot be sustained.

"5. The remaining exceptions relate to the competency of the testimony of the witness Woodsum. It appears from the report that he was allowed to testify as to his own knowledge of the plaintiff's cost of production and selling price, and not as to the contents of the books of account, nor a summary or calculation from them. And in taking as a basis for computing damages the average cost of the goods during the infringing period the master acted upon reasonable and practical data."

The witness Woodsum named above was the plaintiff's secretary and general manager and was called as a witness by the plaintiff.

The justice made an order overruling the defendant's exceptions, and later by his order a final decree was entered, that the defendant's exceptions to the master's report be overruled, that the report be confirmed, and "that the plaintiff do recover from the defendant the sum of $1,400, damages, and the sum of $195.93, profits realized by the defendant on sales of the infringing package, by which the plaintiff suffered no damage, and the sum of $311.59, profits realized by the defendant on sales of the infringing package, by which the plaintiff also suffered damage, with interest at six per cent on each of said sums from the date of the filing of the master's report, to wit, December 19, 1912, and its costs of suit taxed by the clerk in the sum of $103.92."

The defendant appealed.

*G. P. Dike,* (*C. Macleod* with him,) for the defendant.

*R. Cushman,* (*C. D. Woodberry* with him,) for the plaintiff.

SHELDON, J.    Upon the finding of the master the witness Woodsum properly was allowed to testify as to the selling price and

the cost of the plaintiff's product. He testified from his personal knowledge; and, that being so, his testimony was competent, although books and records kept by him contained written statements of the same facts. That he could not recall certain items of general expense, such as telegrams and expressage, which entered into the average cost of the goods, did not show conclusively that he had not such knowledge. He might know the total amount without being able to remember all the minor items that went to make up that amount. The case does not come within the rule of *Hunt* v. *Roylance,* 11 Cush. 117, relied on by the defendant. Nor was the plaintiff bound to produce voluntarily these books and records, although it might have been compelled to do so by proper process.

At the argument before us the plaintiff contended that it was entitled to recover from the defendant both the damages which it has sustained from the defendant's wrongful use of its trade name and the amount of the profits realized by the defendant therefrom. We agree that the plaintiff is so entitled, so far as this may be necessary for its full compensation. *Regis* v. *H. A. Jaynes & Co.* 191 Mass. 245, 250. *Forster Manuf. Co.* v. *Cutter-Tower Co.* 211 Mass. 219, 223. But this does not mean that the plaintiff may recover from the defendant both the amount of the latter's profits as such and also damages assessed upon the theory that the plaintiff, but for the defendant's wrongful acts, would have made the sales which have been made by the defendant, and so is entitled to recover an additional amount for the profits which it has lost. It may not recover a double compensation for the same sales. The plaintiff is not to derive a double gain from the defendant's sales, by recovering in addition to the profits made by the defendant from its sales those which by reason of the same sales the plaintiff has lost the opportunity of making. This would be a manifest injustice. The plaintiff in such a case as this may to be sure have suffered some particular loss or damage for which the receipt of the defendant's profits would not compensate him. If, for example, the defendant has attempted to undersell him, has introduced what sometimes is called a "cut-throat competition," thus cutting down the plaintiff's profits without correspondingly increasing his own, or if the defendant has cheapened his production by the use of inferior

materials or by unsuitable processes of manufacture, and thus has depreciated the value of the plaintiff's trade name or of the words or symbols to which the plaintiff has acquired a right, or otherwise has injured the reputation of the plaintiff's goods and thereby caused an appreciable loss to the maker, in addition to that caused by the actual sales which the defendant has made, the plaintiff should be allowed to recover for such a loss besides taking the defendant's profits, if the plaintiff has claimed and is allowed such profits. And this plaintiff appears to have suffered substantial damages, exceeding the defendant's profits. But these damages as assessed include the profits which the plaintiff would have realized, if it had made, with certain exceptions, all the sales of infringing goods that were made by the defendant. See *L. Martin & Co.* v. *L. Martin & Wilckes Co.* 5 Buch. 257, 260, *et seq.* It follows that the plaintiff may recover only the amount of damages and the amount of the defendant's profits on the excepted sales, being the additional sum of $195.93, with interest. The result is that none of the defendant's exceptions to the master's report which have been argued can be sustained; but the final decree appealed from must be modified, as in *Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 93, by deducting therefrom the allowance of $311.59 to the plaintiff with interest thereon; and the decree so modified must be affirmed.

*So ordered.*