DAVID J. CONVISER, Doing Business under the Firm Name and Style of UNEEDA CREDIT CLOTHING COMPANY, Plaintiff, *v.* J. C. BROWNSTONE CO., INC., and Others, Defendants.

Supreme Court, Kings Special Term, December, 1922.

**Damages — action for unfair competition — measure of plaintiff's recovery — that defendant has not made a profit is no defense.**

In determining the profits made by a defendant from unfair competition, he is entitled to deduct a proportionate part of his general expense, even though no added expense was caused by the doing of the business which constituted the unfair competition.

Where the complaint and proof in an action for unfair competition so justify, the plaintiff may recover damages even though the defendants derived no profits out of sales wrongfully made by them, and though he may not have a double compensation for the same sales, yet in a proper case plaintiff may recover damages although the wrongful acts of the defendants resulted in no profit to them.

ACTION for damages caused by unfair competition.

*Hirsh, Newman & Reass* (*Murry C. Becker,* of counsel), for plaintiff.

*Herman B. Goodstein,* for defendants.

CROPSEY, J.   In this state the law seems to be settled that in determining the profits made by a defendant from unfair competition he is entitled to deduct a proportionate part of his general expense, even though no added expense was caused by the doing of the business which constituted the unfair competition.   *Cutter* v. *Gudebrod Bros. Co.,* 190 N. Y. 252.   This case follows and was based upon the rule announced in *Tremolo Patent,* 23 Wall. 518. The cases in Massachusetts are to the contrary.   They hold that a party committing a wrong should not be permitted to derive a benefit from it, and that allowing a deduction of a portion of the expense of the business where there has been no increase in expense by reason of the unfair or prohibited sales is in effect putting a premium upon the defendant's wrongful act.   *Regis* v. *Jaynes & Co.,* 191 Mass. 245, 252; *Nelson* v. *Winchell & Co.,* 203 id. 75, 91; *Briggs Co.* v. *National Wafer Co.,* 215 id. 100, 110. The Massachusetts rule seems to be the fairer one, but that is not now an open question here.

It does not follow, however, that the plaintiff may not recover his damages as distinguished from the profits which defendants may have made.   There is a variance in the authorities as to this right.   See *Martin Co.* v. *Martin & Wilckes Co.,* 75 N. J. Eq. 39, and cases cited in note 21 L. R. A. (N. S.) 526–530. But that such damages may be recovered seems to have been suggested in the *Cutter* case, above cited, although the point was not involved in the decision of the Court of Appeals, as the referee had found as a fact that the plaintiff suffered no damages.   I have not before me the pleadings in the instant case and cannot tell whether damages were sought, nor can I tell whether the plaintiff would have any proof of them, but I hold that, if the pleading and proof justified, the plaintiff may recover damages, even though the defendants had made no profit out of the sales that they wrongfully made.   But plaintiff may not have a recovery both for the amount of the defendants' profits, if any, and for his damages assessed upon the theory that the plaintiff, but for defendants' wrongful acts, would have made the sales which were made by the defendants.   The plaintiff may not have a double compensation for the same sales, but in a proper case the plaintiff might recover his damages, although the wrongful acts of the defendants yielded no profit to the latter.   *Forster Manufacturing Co.* v. *Cutter-Tower Co.,* 215 Mass. 136, 139.

If the attorneys will consult me, it can be determined whether a reference will be necessary, or whether the proof can be taken by the court.

Judgment accordingly.