INTERNATIONAL FASTENER COMPANY, Appellant, *v.* FRANCIS MANU-
FACTURING COMPANY, Respondent.

Fourth Department, March 7, 1923.

**Costs — action to recover royalties — fees paid to accountant selected by
referee to examine books of defendant not taxable.**

In an action to recover royalties in which the defendant refused to produce its
books on plaintiff's demand, or permit the plaintiff to inspect them, the fees
paid by the plaintiff to an accountant selected by the referee before whom the
case was tried, with the consent of counsel of both sides, are not taxable as a
disbursement under section 1518 of the Civil Practice Act, where defendant
refused to agree to pay the fees.

APPEAL by the plaintiff, International Fastener Company, from
an order of the Supreme Court, made at the Erie Special Term and
entered in the office of the clerk of the county of Niagara on the 25th
day of October, 1922, denying its motion for a relaxation of costs.

*Percival M. White* [*Irving W. Cole* of counsel], for the appellant.

*J. William Ellis* [*George W. Knox* of counsel], for the respondent.

CLARK, J.:

Plaintiff appeals from an order of the Special Term denying
its motion for retaxation of a bill of costs taxed by the clerk of
Niagara county, the motion having been made because of the
refusal of the clerk to insert in the bill of costs an item of $2,290.40,
being the amount paid by plaintiff for the services of an expert
accountant in examining defendant's books.

Plaintiff brought an action against defendant for breach of
contract, claiming that defendant had failed to pay certain royalties
agreed to be paid plaintiff on the manufacture and sale of certain
garment fasteners, on which plaintiff held patents, or had pending
applications for patents.

The right to make and sell these garment fasteners had been
leased to defendant by plaintiff, which owned such rights, under
the contract which plaintiff claimed defendant had violated.

To establish its cause of action it was necessary for plaintiff to
show the quantity of these fasteners defendant had made and
sold since it had acquired the right to make them. It refused to
produce its books on plaintiff's demand, or permit it to inspect
them. The referee before whom the case was tried, with the
consent of counsel on both sides, thereupon selected an accountant,
who examined defendant's books and made a report to the referee,
and gave testimony in behalf of plaintiff on the trial.

Plaintiff paid the accountant's bill for services to the amount of

$2,290.40, and taxed the item as a disbursement when it entered judgment.

This item was subsequently stricken out by the county clerk, and he refused to tax the same, and the Special Term refused to order the clerk to do so.

On the trial of the action there was a great deal of controversy as to who should pay the accountant employed to examine defendant's books. Plaintiff through its counsel said: " Plaintiff will pay it now."

Counsel for defendant did not in terms agree that the expense of the accountant should be taxed as a disbursement. When asked to do so he replied: " We won't agree to that. We will be governed by whatever the law is."

In *City of New York* v. *Empire City Subway Co., Ltd.* (197 App. Div. 643), the printing of the opinion of the referee and extra copies as a disbursement was disallowed.

Costs are a creature of the statute and cannot be taxed except by its authority. (*Louisville Lumber Co.* v. *Smith*, 154 App. Div. 386; *Equitable Life Assurance Society* v. *Hughes*, 125 N. Y. 106.)

In the case of *Louisville Lumber Co.* v. *Smith* (*supra*) the successful plaintiff taxed as a disbursement the amount it had paid for a surety company bond. The Special Term denied a motion made for an order directing retaxation of such item. It was held that the item was not a proper disbursement and should be disallowed.

Section 1518 of the Civil Practice Act does not support plaintiff's contention that the item in question can be taxed as a disbursement.

The amount paid by plaintiff for the services of the accountant was properly stricken out. There is no authority for the taxation of such an item in a civil action in the absence of stipulation by the parties consenting to it.

Here while the accountant was appointed by the referee with the consent of the parties, the subject of his expenses was fully discussed, and defendant's counsel finally and plainly stated that defendant would not agree to such expenses being taxed as a disbursement, and added that defendant " will be governed by whatever the law is."

I have not been able to find an authority in this State, and none has been cited, that would justify taxing this item as a disbursement in the absence of stipulation consenting to it.

It follows that the order appealed from should be affirmed, with ten dollars costs to the appellant.

All concur.

Order affirmed, with ten dollars costs and disbursements.