HOSE-MCCANN CORP., Appellant, Respondent, v. CARL PAULUHN and PAULUHN ELECTRIC MANUFACTURING Co., INC., Respondents, Appellants.— The corporation parties are manufacturers of electrical marine equipment. The Parr Electric Co., Inc., is a jobber, catering to the marine trade. Plaintiff, by its officer, developed a batteryless monophone designed for use on ships. The instrument

is not a basic invention, but it has a number of new features. Plaintiff endeavored, without success, to sell the machine to one of its customers. Wieman, the salesman for Parr Electric Co., intervened, and, using the machine of the plaintiff, obtained an order for forty-six monophones from the Bull Steamship Company. Instead of returning the machine to plaintiff, as he had promised to do, he took it to the defendant corporation and employed that company to copy the instrument and fill the order obtained from the plaintiff's customer, putting the name of the Parr Electric Co., Inc., on the machine instead of plaintiff's name. He represented to the plaintiff that he was unable to secure the order from the steamship company. This action is brought to restrain what plaintiff alleges is unfair competition on the part of the defendant and for damages and an accounting. The facts are not seriously in dispute. No question of any infringement of patent is involved. The court at Special Term awarded judgment to plaintiff enjoining the defendants from manufacturing the machine, but denied to it damages and an accounting. The action against Parr Electric Co., Inc., upon payment of the sum of $345, was discontinued. Defendant appeals from that part of the decree that restrains it from manufacturing the monophone, and plaintiff appeals from that part thereof which denies it an accounting, damages and costs. Judgment modified by awarding plaintiff-appellant damages in the sum of $644, together with costs in the Spec'al Term, and as so modified unanimously affirmed, with costs to appellant-respondent. In our opinion, the evidence clearly establishes fraud on the part of the defendants, and damages should be awarded plaintiff in the sum of the difference between the cost of production and the quoted price, less the sum of $345, already received by the plaintiff. This amounts to $644. Inconsistent findings will be reversed and new findings and conclusions made. Present — Hagarty, Davis, Johnston, Adel and Close, JJ. Settle order on notice.