WINIFRED WARREN, INC., et al., Appellants and Respondents, *v.* TURNER'S GOWNS, LTD., et al., Respondents and Appellants.

Argued January 16, 1941; decided March 6, 1941.

*Arthur B. Hyman* for plaintiffs, appellants and respondents.

*Charles Ballon, Samuel I. Hartman* and *Irving H. Rosenberg* for defendants, respondents and appellants.

CONWAY, J. This is an action seeking an injunction, damages and an accounting of profits by reason of unfair competition by defendants in the sale of dresses, gowns and other women's wearing apparel. Special Term found that the corporate defendant adopted the name Turner's Gowns, Ltd., for the purpose of appropriating to itself the plaintiffs' custom, trade and good will and confusing the plaintiffs' customers and the public in general; that thereafter

the defendants embarked upon a program of unfair trade practices calculated to create, and which did actually create, the impression that their establishment was a branch of plaintiffs; that the public was deceived and misled; that the merchandise sold by the defendants was inferior in design, material and workmanship and sold at lower prices than that of plaintiffs; that as a consequence, the general reputation of the merchandise sold by the plaintiffs was injured.

Then followed findings 46 and 47:

" 46. The plaintiffs' business has been hindered, impaired and interfered with by the defendants' use of the name Turner's Gowns, Ltd., and the plaintiffs have been damaged thereby.

" 47. By reason of the facts and circumstances above found, the plaintiffs, if the relief herein prayed for had not been granted, would have continued to be damaged by the diversion of its customers and trade and would have continued to suffer great and irreparable loss, in name and reputation."

Among the conclusions of law was number 5 which read:

" 5. The plaintiffs, are entitled to judgment against the defendants for such damages as plaintiffs have sustained or suffered by reason of the wrongful acts of the defendants herein, and for the profits which the defendants have made by reason of the wrongful acts of the said defendants herein, and the plaintiffs are entitled to an accounting for the purpose of ascertaining and computing said damages and profits."

As to the findings of fact, it is sufficient to say that they are amply supported by the evidence. The conclusions of law flowed naturally from them. The decision directed the entry of an interlocutory judgment referring the matter to a suitable person to determine the amount of plaintiffs' damages and defendants' profits. Such judgment was entered with a provision for the later entry of a final one upon the assessment and award of damages and profits.

Upon appeal to the Appellate Division the judgment appealed from was modified so as to limit plaintiffs' recovery

to the injunctive relief granted and in effect to make the judgment final rather than interlocutory. Findings of fact 46 and 47 were modified so as to read as follows:

" 46. The plaintiffs' business has been injured, hindered, impaired and interfered with by the defendants' use of the name Turner's Gowns, Ltd.

" 47. By reason of the facts and circumstances above found, the plaintiffs, if the injunction herein prayed for had not been granted, would have continued to suffer great and irreparable injury."

Conclusion of law numbered 5 was reversed.

The result of the modification is that plaintiffs have had no opportunity to establish their damages and defendants' profits either before the trial justice or the referee later appointed. Plaintiffs are clearly entitled to their day in court on those matters. The rule in such a case is well stated in *Merriam Co.* v. *Saalfield* (198 Fed. Rep. 369, 371): " * * * the usual practice contemplates an accounting and that such practice should be followed, and an accounting ordered, unless it is made clearly and certainly to appear that neither upon the existing record, nor upon any record which complainant can make before the master, could there be any substantial recovery. If there remains any fair probability that the complainant can produce the necessary proof, or that, upon final hearing, and as aided by all such proof, the trial court or the reviewing court may think that complainant is entitled to a recovery of damages or profits (beyond the amount of any which may be tendered, if a tender is made), then the complainant should have the opportunity to make and present his case." (See, also, *Michel Cosmetics, Inc.,* v. *Tsirkas,* 282 N. Y. 195, 203; *Underhill* v. *Schenck,* 238 N. Y. 7, 17, 18.)

This is an action in equity and not one at law. The distinction is clearly pointed out in *Westcott Chuck Co.* v. *Oneida Nat. Chuck Co.* (199 N. Y. 247, 251): " We think, however, that the trial court erred in failing to award the plaintiff damages. The court doubtless felt controlled in this respect by the decision of the Appellate Division, made

on an appeal from a previous trial of the case (122 App. Div. 260), in which it was held that in the absence of proof of damage no pecuniary recovery could be had. It is possible that in an action at law for damages proof of actual damage suffered by a plaintiff would be necessary to justify more than a nominal recovery. (Browne on Trade Marks, sec. 499; Paul on Trade Marks, sec. 324.) But this action is in equity. The plaintiff prayed as relief that the defendant account for the profits made by it on its sales, and the law seems well settled that equity will treat the wrongdoer as a trustee for the plaintiff so far as the former has realized profits from its acts. (Browne on Trade Marks, sec. 506; Paul on Trade Marks, sec. 326. See cases there cited; *Singer Mfg. Co.* v. *June Mfg. Co., supra.*) "

There is no distinction in this respect between actions for unfair competition involving trade-marks and those involving trade names. (*Neva-Wet Corp.* v. *Never Wet P. Corp.*, 277 N. Y. 163, 169; *Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226; *Koehler* v. *Sanders*, 122 N. Y. 65; *Ball* v. *Broadway Bazaar*, 194 N. Y. 429; 4 Sutherland on Damages [4th ed.], § 1200, p. 4487; Nims on Unfair Competition and Trade-Marks [3d ed.], p. 1067.)

Inability to prove damages would not preclude plaintiffs from recovering, on an accounting, profits realized from sales unlawfully made, together with interest thereon from the time of the commencement of the action. (*Cutter* v. *Gudebrod Brothers Co.*, 190 N. Y. 252.) Cf. *Michel Cosmetics, Inc.*, v. *Tsirkas* (282 N. Y. 195, 199), where there were no profits made by defendant and so only damages were recoverable.

The judgment of the Appellate Division should be modified so as to reinstate the decision and judgment of Special Term and as so modified affirmed, with costs to plaintiffs in the Appellate Division and in this court.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgment accordingly.