LEVER BROTHERS COMPANY, Respondent, v. J. EAVENSON & SONS, INC., Appellant, Impleaded with R. C. WILLIAMS & Co., INC., Defendant.

First Department, April 10, 1941.

Chester Rohrlich of counsel [Thomas Freeman, Jr., with him on the brief; Cook, Nathan, Lehman & Greenman, attorneys], for the appellant.

Neil P. Cullom of counsel [Frederick E. Crane and Henry W. Steingarten with him on the brief], for the respondent.

PER CURIAM. On December 23, 1936, this court by resettled order sustained an injunction granted after trial against defendant J. Eavenson & Sons, Inc., in an action for unfair competition in which defendant was held guilty of deliberate and intentional fraud, and directed defendant to account for profits from the

infringing products. (249 App. Div. 617, affg. as modfd., 157 Misc. 297.) A long trial on the accounting was thereafter had before a referee, and judgment has been entered against defendant J. Eavenson & Sons, Inc., for $80,083.46 from which said defendant appeals.

After careful examination of the record, we find the judgment appealed from adequately supported by the evidence and in all respects correct except as to the following two items: (1) accountants' fees and expenses taxed as costs against appellant; and (2) disallowance of the credit the referee allowed defendant for interest on invested capital.

The referee's findings allowing certain credits for interest on current and fixed assets at three per cent and four per cent respectively were correct and should not have been disturbed by the Special Term. (*Oehring* v. *Fox Typewriter Co.*, 251 Fed. 584; certiorari denied, 249 U. S. 598; *Producers' & Refiners' Corp.* v. *Lehmann*, 18 F. [2d] 492, 502 [U. S. Cir. Ct. of Appeals, Eighth Circuit]; *Seabury* v. *Am Ende*, 152 U. S. 561.) Such deductions also come within the reason of the rule set forth in *Cutter* v. *Gudebrod Brothers Co.* (190 N. Y. 252). The rule accords with usual business and accounting practice.

There was no stipulation that accountants' fees and expenses be taxed as costs against the losing party. In the absence of such stipulation, the item in question may not be included as part of the taxable costs, and in so including it the Special Term erred. (*International Fastener Co.* v. *Francis Mfg. Co.*, 204 App. Div. 526; Civ. Prac. Act, § 1518.) Accordingly, the amount of the accountants' fees and expenses included in the item of $8,771.94 as taxable costs should be disallowed.

Interest on profits realized was properly allowed from the date of the commencement of the action. (*Warren, Inc.*, v. *Turner's Gowns, Ltd.*, 285 N. Y. 62.)

The precise amount of the corrected judgment after making the relatively minor modifications indicated herein may be calculated properly on the settlement of the order and there is no need of any further hearing.

The judgment appealed from should be modified to the extent indicated and, as so modified, in all respects affirmed, with costs and disbursements to plaintiff against defendant.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously modified to the extent stated in the opinion, and, as so modified, in all respects affirmed, with costs and disbursements to the plaintiff against defendant-appellant. Settle order on notice.