BENNO KLEEBLATT, Respondent, v. CADILLAC SILK CO., INC., Appellant.—
Order, so far as appealed from, unanimously reversed, with twenty dollars costs
and disbursements, and motion in all respects granted. No opinion. Present —
Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.

In the Matter of the Application of JOSEPH LEVY.— Motion denied. Present —
Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.

In the Matter of the Application of MORRIS L. COHEN, Administrator, etc.,
of FANNIE COHEN, Deceased, to Discover Property of Said Decedent Claimed
to Be Withheld. LOUIS DARDICK, Appellant; MORRIS L. COHEN, Respondent.—
Decree unanimously affirmed, with costs. No opinion, Present — Martin, P. J.,
O'Malley, Townley, Glennon and Untermyer, JJ. [177 Misc. 304.]

## (February 13, 1942.)

TOY CREATIONS, INC., Respondent, Appellant, v. J. PRESSMAN & Co., INC., Appel-
lant, Respondent.

PER CURIAM. Since it is conceded that the defendant has the right to sell its
games in competition with the plaintiff, the defendant likewise has the right,
within well-defined limitations, to describe appropriately the merchandise which
it offers for sale. In the present case the names used by the defendant have no
greater similarity with those in use by the plaintiff than necessarily results from
the circumstance that both parties are engaged in the sale of the same games.

We are also of opinion that the defendant should not be enjoined from the
use of a box which in size and shape appears to be the only appropriate box for
the sale of these games. (*Fischer* v. *Blank*, 138 N. Y. 244.) The plaintiff is ade-
quately protected against unfair competition by an injunction which prohibits the
use of colors, photography and other distinctive markings which are so similar to
those which have been used by the plaintiff that they have a tendency to confuse
the public to the plaintiff's detriment.

On the defendant's appeal the judgment should be modified, without costs,
by eliminating those provisions which enjoin the use by the defendant of the
words " Broadcast Baseball " or " Broadcast Football " and by eliminating also
those provisions which enjoin the use of any box or container of the shape or form
now in use by the defendant. On the appeal of the plaintiff the judgment should
be modified, without costs, to provide that the defendant be directed to account.
(*Warren, Inc.*, v. *Turner's Gowns, Ltd.*, 285 N. Y. 62; *International Latex Corp.* v.
*Scheinberg*, 263 App. Div. 861.)

As so modified the judgment appealed from should be affirmed.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Judgment unanimously modified as indicated in opinion, and as so modified
affirmed, without costs. Settle order on notice, reversing findings inconsistent
with this determination, and containing such new findings of fact proved upon
the trial as are necessary to sustain the judgment hereby awarded.