Peck, J.
Defendant Schwartz is a broker for the purchase and sale of books. He suggested to one Both, an editor and writer, the compilation of an anthology of short stories to be published under the title “ Bachelor’s Companion ”. Both made such a collection of short stories, and Schwartz arranged for the purchase by one Novack of the anthology and two other books written by Both. Following this purchase, plaintiff corporation was organized by Novack, Schwartz and defendant Davidson for the purpose of publishing the books. These three individuals each became one-third owners of the stock of the corporation. The contract of sale between Both and Novack, which was assigned to the corporation, referred to the list of short stories as being “ for the purposes of enabling the buyer to publish a book to be known as the ‘ Bachelor’s Companion ’. ’ ’
Before publication, a difference between the parties resulted in Schwartz and Davidson selling their stock in plaintiff corporation to Novack and resigning as officers and directors. Defendants Schwartz and Davidson then organized the defendant corporation and published an anthology of short stories, entirely different from the Both stories, under the title “ Bachelor’s Companion ”, before plaintiff published its anthology. Plaintiff was thus compelled to publish its anthology under a different name, and adopted the name “ Bachelor’s Quarters ”.
This action is for an injunction and accounting. The trial court, on finding that there was no attempt by defendants to pass off their book as the book of plaintiff, and no proof that the title “ Bachelor’s Companion ’’had acquired a secondary significance or that it had a greater public appeal than the title “ Bachelor’s Quarters ”, and that plaintiff did not become the owner of the title “ Bachelor’s Companion ”, dismissed the complaint, saying that while the action of the defendants might not be justified morally it could not under the circumstances form the basis for equitable relief.
We believe that the morally offensive action of defendants does entitle plaintiff to equitable relief. While the cases relied upon by plaintiff (Witkop & Holmes Co. v. Boyce, 61 Misc. 126, affd. 131 App. Div. 922; Tabor v. Hoffman, 118 N. Y. 30; Byrne v. Barrett, 268 N. Y. 199) are subject to defendants’ comment that they involve the use of trade secrets communicated by the plaintiff to the defendant in the course of confidential employment, we think that the intervention of equity to redress and protect against immoral business practices is not so narrowly confined.
*506 While plaintiff may not have ownership of the title “ Bachelor’s Companion ” and it may not constitute a trade secret, good against appropriation by a third party, we think that rights to the use of the name “ Bachelor’s Companion ” in connection with an anthology of short stories were fixed as between the parties by virtue of their contract and business relationship. Defendant Schwartz was instrumental in bringing to Novack, presently the sole owner of plaintiff corporation, the collection of stories for publication under the title' “ Bachelor’s Companion ”, and apparently the title was an important consideration in the acquisition and enterprise. The individual defendants then joined Novack in organizing plaintiff corporation and in directing its activities towards the publication of “ Bachelor’s Companion ”. In selling their stock interest to Novack, it was certainly the contemplation and understanding of the parties that the individual defendants were releasing to Novack and plaintiff corporation all their rights and interest in the corporate project. Defendants were not thereby foreclosed from publishing a different anthology, but legal refinements cannot blink the fact that in simple honesty and primary good faith defendants were not entitled to use the title “ Bachelor’s Companion ”. They were not in the position with respect to plaintiff of a stranger in no way bound by plaintiff’s undertaking and priority. They had occupied a trust relationship of officers and directors of plaintiff in the very undertaking of publishing the work “ Bachelor’s Companion They were not entitled, therefore, particularly after disposing of their interest in the undertaking for a valuable consideration, to compete with the undertaldng by appropriating the very title which they had brought to the undertaking. What the defendants did is such a breach of trust and unfair business practice as to justify the intervention of equity. Such intervention in this case is neither gratuitous nor responsive to merely moral considerations. It has its foundation in a trust relationship assumed by the parties in their business dealings. Defendants should be enjoined from using the title “ Bachelor’s Companion ”.
The question of damages presents greater difficulty. Plaintiff admits that it has not proved special or other damages and relies entirely upon the asserted principle that in equity plaintiff need prove no other damage than the difference between defendant’s cost and selling price of the item wrongfully merchandised. Plaintiff cites cases as authority for the principle that where it is impossible to determine the portion of sales due to infringement of a trade mark or unfair competition the plaintiff should *507 recover the defendant’s entire profits. (Hose-McCann Corp. v. Pauluhn, 251 App. Div. 736, mod. 276 N. Y. 669; Warren, Inc., v. Turner’s Gowns, Ltd., 285 N. Y. 62.) It is clear, however, from an analysis of the cases that the accounting for profits is based upon the assumption and showing that the defendant has either infringed upon plaintiff’s trade mark or- otherwise passed his goods off as plaintiff’s goods, or unfairly competed in some way as to pre-empt business which would otherwise have gone to plaintiff. The accounting for profits in such cases is not in lieu of damages but is the method of computing damages.
It is not shown here that plaintiff has been damaged in any quantitative sense. There is no showing that the sales made by defendant would otherwise have gone to plaintiff or that plaintiff’s sales have been lessened by defendants’ sales. While we have concluded that defendants should not be allowed any advantage from the use of the title “ Bachelor’s Companion ”, and should be enjoined, we are not persuaded that plaintiff should receive the profits from publishing a book in which it had no interest merely because the title, which had acquired no secondary significance, has been improperly appropriated by defendants. An accounting under the circumstances would not be justified.
The judgment appealed from should be reversed, with costs to the appellant and an injunction granted.'
Glennon, Dore and Cohn, JJ., concur.
Judgment unanimously reversed, with costs to the appellant and an injunction granted. Settle order on notice.