Edward T. FORZLY, doing business under the trade name and style of "Cadillac Wines & Liquors", Plaintiff,

v.

The AMERICAN DISTILLING COMPANY, sued as The American Distilling Co., Inc., Defendant.

Civ. No. 15076.

United States District Court
E. D. New York.

July 3, 1956.

Mock & Blum, New York City, for plaintiff, by Asher Blum, New York City, of counsel.

Watson, Leavenworth, Kelton & Taggart, New York City, for defendant, by Ellis W. Leavenworth, Leslie D. Taggart, New York City, and Nicholas John Stathis, New York City, of counsel.

BYERS, District Judge.

This is a trade mark infringement case involving the plaintiff's trade mark "Cadillac" used on whiskies, wines and other alcoholic beverages, as a private brand, in intrastate business within the State of New York.

The defendant's trade mark is "Cadillac Club" and is used in connection with the sale of whiskies in the same territory. Both parties use a label containing the word "Cadillac" surmounted by a crest; the latter are confusingly similar in appearance, although not precisely identical in composition.

The plaintiff was the prior user in the State of New York and is clearly entitled to prevail. The case for the defendant on final submission is mainly confined to the argument that a decree for plaintiff should be geographically limited, not statewide in its effect. There is judicial decision to the contrary of that proposition which is binding upon this court.

The testimony yields the following

### Findings of fact.

(1) The court has jurisdiction based upon diversity, the plaintiff being a citizen of the State of New York and the defendant a Maryland corporation.

(2) Plaintiff is a retail liquor dealer engaged in business in the Borough of Brooklyn in this District and has been since October 9, 1947; on October 9, 1947 he duly filed a certificate of doing business under the registered trade name "Cadillac Wines and Liquors" in the Office of the Clerk of Kings County in this State.

That certificate remains in full force and effect.

(3) On or about May 3, 1948 plaintiff duly registered his said trade mark "Cadillac" with the Secretary of State of the State of New York, and the description of the said trade mark was "the word Cadillac printed across label with a crest underneath" for alcoholic beverages, namely alcoholic wines, whisky, gin, rum and cordials.

(4) That at the time of the said registration and continuously thereafter, the plaintiff displayed the said trade mark on labels which were affixed to bottles containing the various kinds of beverages described, which label in addition to containing the word "Cadillac" also portrayed a crest.

(5) By means of newspaper, radio and other forms of advertising and by the employment of successful sales efforts, the plaintiff developed a substantial business in the distribution of such merchandise under the said trade mark in intrastate commerce in the State of New York, whereby such consumer acceptance was developed that the plaintiff's said merchandise became identified in the mind of the public with the plaintiff as the source of supply thereof; thus the plaintiff established a good will in connection with his said enterprise under the said trade mark.

(6) Plaintiff made sales in increasing volume throughout the metropolitan area of the City of New York and at other places exterior thereto, within the State of New York.

(7) On November 24, 1954 the plaintiff again registered in the Office of the Secretary of the State of New York the said trade mark "Cadillac" "with or without the representation of a crest" for wines, and separately for whiskies.

(8) The evidence discloses no prior or other use of the trade mark "Cadillac" for alcoholic beverages in the State or City of New York until sometime in 1954 during which year the defendant began selling whisky in bottles in the State of New York in competition with the plaintiff under the trade mark "Cadillac Club" which appeared on labels which also contained a crest.

(9) Promptly upon learning of this practice of the defendant, the plaintiff made written protest to the defendant on November 24, 1954 and gave it notice of the said infringement of the plaintiff's trade mark.

(10) The use of the trade mark "Cadillac Club" by the defendant followed the making of a contract dated April 1, 1953 between it and a partnership known as Milan Wineries of Detroit, Michigan, under the terms of which the latter purported to license and grant to the defend-

ant the exclusive right to use the alleged private and exclusive brand and trade mark known as "Cadillac Club" or "Cadillac" upon alcoholic beverages other than wine of less than 23½% alcoholic content by volume, to be bottled and sold by the defendant in the State of Michigan "and in all other parts of the United States, together with the good will which attached to its said private and exclusive brand and trade mark * * *."

(11) On or about October 30, 1945 Milan Wineries had duly registered the trade mark "Cadillac Club" with the Secretary of State of the State of Michigan for use in connection with wine in intrastate commerce within the State of Michigan.

The words were printed on labels to be placed on bottles, which labels also contained a crest; the business so conducted was of modest proportions in the financial sense but somewhat increased through the years.

(12) On February 17, 1953 Milan Wineries also registered the said trade mark with the Secretary of State for the State of Michigan for use in connection with whisky.

(13) Milan never at any time pertinent to this case sold whisky under the said trade mark in either Michigan or elsewhere; nor wine under the said trade mark, in the State of New York.

(14) On September 14, 1954 Milan Wineries registered its said trade mark in the United States Patent Office and secured certificate of registration No. 595,295 "for wines in Class 47."

(15) For the purpose of Federal trade mark registration whiskies are in Class 49 for distilled alcoholic liquors, not in Class 47 for wines.

(16) The agreement of April 1, 1953 between Milan Wineries and the defendant was a naked license not connected with any department of the business of the Milan Wineries so far as whisky is concerned, for that partnership never sold whisky under that trade mark; nor did the agreement purport to assign such non-existent Milan whisky business in connection with the use of the trade mark "Cadillac Club" which was thereby authorized.

Comment.

See Browning King Co. of New York v. Browning King & Co., 3 Cir., 176 F.2d 105 at page 106.

(17) The said agreement was not legally effectual to enable the defendant to use the trade mark "Cadillac Club" in derogation of the plaintiff's trade mark "Cadillac" within the State of New York.

(18) The plaintiff's trade mark "Cadillac" has acquired a secondary meaning to the extent that it identifies the plaintiff's business and wares in the field of the retail distribution of whiskies, wines and other alcoholic beverages.

(19) The use of the word "Club" by the defendant in connection with the word "Cadillac" does not mitigate its infringement of the plaintiff's said trade mark.

(20) The defendant is chargeable with knowledge prior to the receipt of the said protest, of the existence of the plaintiff's trade mark and the business that he conducted thereunder.

Conclusions of Law.

I. The plaintiff is entitled to an injunction against the defendant from using the word "Cadillac" in connection with the sale of alcoholic beverages within the State of New York.

Comment.

This form of decree is in accord with the opinion of the Court of Appeals for the Second Circuit in the case of Federal Glass Co. v. Loshin, 224 F.2d 100 at page 102, from which the following is quoted:

"Although the exact territorial extent of a trade name is a question of fact, the narrowest limit that could reasonably be imposed today would be that of a state." (Citing text.)

II. The plaintiff is entitled to an accounting from the defendant, and such

damages as he may be thereby able to establish, together with costs and disbursements.

Comment.

See Warren Inc. v. Turner's Inc., 285 N.Y. 62, 32 N.E.2d 793.

Settle decree.