■ DAVID FOX & SONS, INC., et al., Respondents, v. KING POULTRY CO., INC., et al., Appellants. — The judgment is modified, on the law and the facts, and without costs or disbursements to any party, to the extent of reducing said judgment to the amount of $7,125.07, reflecting the net profit per pound as the measure of loss, as set forth in the Referee's report; this sum is in addition to the $891.99, properly allowed by the Referee; and otherwise affirmed. Despite the extensiveness of the record, we do not regard the plaintiffs' proof on the score of damages to be fully satisfactory. The difficulty is inherent in the present case, where the situation is so commingled

that, contemporaneously the plaintiffs were selling to the same customers as were being serviced by the defendants, and others, in the hurly-burly world of New York's wholesale poultry business. Yet, we do find " there has been some evidence tending to show that the defendant's wrongful acts have caused the plaintiff to suffer a commensurate decrease of profits ". (*Michel Cosmetics,* v. *Tsirkas,* 282 N. Y. 195, 202.) This, against the backdrop of the flouted injunction, does merit an award of damages to the plaintiffs. However, Special Term's computation of damages on the basis of plaintiffs' gross profit is not well taken. Neither is the almost exclusive reliance of plaintiffs' counsel on the case of *Conviser* v. *Brownstone & Co.* (209 App. Div. 584 [2d Dept., May 9, 1924]). In the case of *Bates Chevrolet Corp.* v. *Haven Chevrolet,* a finding by a Referee disallowing overhead expenses was unanimously overruled by this court (16 A D 2d 917), in a memorandum opinion citing *Cutter* v. *Gude-brod Bros. Co.* (190 N. Y. 252) and *Tremaine* v. *Hitchcock & Co.,* (23 Wall. [90 U. S.] 518) both classic authorities for the proposition that net profit is the proper rule of damages, and that general expenses must first be deducted from gross profits. And the determination of this court was in turn unanimously affirmed by the Court of Appeals (13 N Y 2d 644). It is worthy of note that the overruled Referee in the *Bates* case (*supra*) cited the *Conviser* case (*supra*) as authority for his view. Concur — Botein, P. J., Capozzoli and McGivern, JJ.; Eager and Macken, JJ., dissent in the following memorandum by Eager, J.: The determination of the majority contravenes well settled principles of law and is unsupported by the cases cited. The decision of *Bates Chevrolet Corp.* v. *Haven Chevrolet* (16 A D 2d 917, affd. 13 N Y 2d 644) is distinguishable on several grounds as indicated by the record in that case. Particularly, it is noted that the evidence there was held to have established that the plaintiff would have incurred expense of $75 in delivering and handling each car and truck wrongfully sold by defendants to plaintiff's customers and that the Referee there had failed to allow a deduction for such expense. Here, however, as stated at Special Term, " plaintiffs established by clear, undisputed proof that they could have made the sales involved herein without any increase in their operational or overhead expenses, save a nominal increase in their telephone bill. Defendants have in no manner whatsoever refuted this testimony. In view thereof, the allocation [by the Referee] of a proportionate share of the overhead expenses to the prohibited sales involved herein was completely unwarranted and plaintiffs' damages thereon should have been computed on the basis of its gross profit. " *Cutter* v. *Gudebrod Bros. Co.* (190 N. Y. 252) and *Tremaine* v. *Hitchcock & Co.* (23 Wall. [U. S.] 518), cited by the majority, both dealt with an award to the plaintiff of profits made by defendant and were not concerned with measuring damages by determining the profits which plaintiff would have realized if it had made the diverted sales. Where, as here, the wrongful sales were made by defendants to plaintiffs' customers, they are entitled to recover " the amount of loss sustained by it, including opportunities for profit on the accounts diverted from it through defendants' conduct " (*Duane Jones Co.* v. *Burke,* 306 N. Y. 172, 192). The loss in profits recoverable is " the amount which the plaintiff would have made except for the defendant's wrong " (*Santa's Workshop* v. *Sterling,* 2 A D 2d 262, 267, affd. 3 N Y 2d 757; *Bruno Co.* v. *Friedberg,* 21 A D 2d 336, 341; also *Bruno Co.* v. *Friedberg,* 28 A D 2d 91, 93). During the period in question, the defendants sold 779,548 pounds of poultry to plaintiff's customers in violation of the terms of the injunction. However, defendants established, without contradiction, that sales to two of those customers could not have been made by plaintiffs and, accordingly, the sales for which defendants are accountable should be reduced to 713,770 pounds. As to those sales, the plaintiffs'

gross profit of $.0283 per pound should be applied to properly determine the amount which plaintiffs would have made except for defendants' wrong, with a deduction therefrom of telephone expenses of $1,800. Added to the result should be the sum of $891.99, allowed by the Referee and by the majority as an additional item of loss of profits established because of the wrong of defendants. The net result is $19,291.68. Another method of achieving the proper result would be to add the diverted sales to the plaintiffs' sales and allocate to the total the plaintiffs' overhead plus increased expenses of $1,800. A computation on such basis would have the effect of reducing the overhead cost per pound for the period in question, thereby increasing the net profit on each pound sold. An application of the increased net profit per pound to the total poundage would result, as above, in an award of the profit plaintiffs would have made during the entire period of damages except for defendants' wrong. In cases such as this, " from the nature of the case the amount of damages cannot be estimated with certainty", and the sum of $19,291.68, calculated as aforesaid, is the "'most intelligible and accurate estimate which the nature of the case will permit'". (*Duane Jones Co.* v. *Burke, supra,* p. 192). We would award judgment to plaintiffs for said sum with interest on $891.99 from February 7, 1964 and interest on the balance from June 2, 1965. Judgment for plaintiffs should be modified accordingly, without costs and disbursements, and otherwise affirmed.