MICHEL COSMETICS, INC., Respondent, *v.* ARISTIDES G. TSIRKAS et al., Appellants.

Argued January 18, 1940; decided March 5, 1940.

*Frederick L. Kane* and *Stephen D. Finale* for appellants. The accounting provision of the interlocutory judgment, pursuant to which the pecuniary award was determined, was incorrect as a matter of law, no damage having been proven. (*Allen Mfg. Co.* v. *Smith*, 224 App. Div. 187; *Tilghman* v. *Proctor*, 125 U. S. 136; *Anchor Stove & Range Co.* v. *Rymer*, 97 Fed. Rep. [2d] 689; *Conviser* v. *Brownstone & Co.*, 209 App. Div. 584; *Champlin* v. *Stoddard*, 34 Hun, 109; *Downes* v. *Culbertson*, 153 Misc. Rep. 14; *Underhill* v. *Schenck*, 238 N. Y. 7; *Lawrence-Williams Co.* v. *Societe Enfants Gombault*, 52 Fed. Rep. [2d] 774; *Dickinson* v. *Thum Co.*, 8 Fed. Rep. [2d] 570; *Van Kannell Revolving*

*Door Co.* v. *Revolving Door & Fixture Co.*, 293 Fed. Rep. 261.) The process by which the official referee determined gross receipts to find plaintiff's profits was erroneous. (*Conviser* v. *Brownstone & Co.*, 209 App. Div. 584.) The process by which the official referee deducted only the expenses of labor, material and shipping from gross receipts to ascertain plaintiff's profit was erroneous. (*Cutter* v. *Gudebrod Bros. Co.*, 190 N. Y. 252; *Tremaine* v. *Hitchcock*, 90 U. S. 518; *Duplate Corp.* v. *Triplex Safety Glass Co.*, 298 U. S. 448; *Larson Co.* v. *Wrigley Co.*, 20 Fed. Rep. [2d] 830; 277 U. S. 97; *Auto Vacuum Freezer Co.* v. *Sexton Co.*, 250 Fed. Rep. 459; *Winthrop Chemical Co.* v. *Blackman*, 159 Misc. Rep. 451.)

*Frederick Hemley* and *Jesse Hemley* for respondent. The measure of recovery fixed by the interlocutory judgment was proper. (*Conviser* v. *Brownstone & Co.*, 209 App. Div. 584; *Champlin* v. *Stoddard*, 34 Hun, 109; *Westcott Chuck Co.* v. *Oneida Nat. Chuck Co.*, 199 N. Y. 247; *Rose* v. *Hirsh*, 94 Fed. Rep. 177; *Continuous Glass Press Co.* v. *Schmertz Wire Glass Co.*, 219 Fed. Rep. 199; 238 U. S. 623; *Regina Music Box Co.* v. *Otto & Sons*, 114 Fed. Rep. 505; *Transit Development Co.* v. *Cheatham E. S. Device Co.*, 194 Fed. Rep. 963; *Lawrence-Williams Co.* v. *Societe Enfants Gombault*, 52 Fed. Rep. [2d] 774; 285 U. S. 549; *Larson Co.* v. *Wrigley Co.*, 20 Fed. Rep. [2d] 830.) The profit which plaintiff would have made had it manufactured and sold the lipsticks sold by defendants was properly computed. (*Hamilton-Brown Shoe Co.* v. *Wolf Bros. & Co.*, 240 U. S. 251; *Conviser* v. *Brownstone & Co.*, 209 App. Div. 584.)

LEHMAN, Ch. J. The plaintiff corporation is engaged in the business of manufacturing and selling lipsticks. These lipsticks are made in accordance with secret formulas and secret processes owned by it. The defendant Aristides G. Tsirkas was an employee of the plaintiff corporation, and in the course of his employment he learned the secret formulas and processes used by the plaintiff in its business. Then he left the plaintiff's employ and formed the defendant corporation. The individual defendants manage and control the

defendant corporation and have manufactured and sold lipsticks made in accordance with the formulas and the processes owned by the plaintiff. The plaintiff alleges in its complaint that the defendants have wrongfully manufactured the lipsticks in accordance with formulas and processes belonging to the plaintiff and have placed the lipsticks so manufactured in containers similar to the containers used by the plaintiff, with the object of deceiving buyers into the belief that they were buying the product of the plaintiff, and have sold the lipsticks in such containers to customers of the plaintiff, whose names the defendant Tsirkas obtained from the plaintiff's files. In this action the plaintiff asks that the defendants be enjoined from continuing their wrongful acts; and, also, that they be directed to account to the plaintiff " for all sales and contracts made by them, or any of them, for the sale of lipsticks made by the secret formulæ or secret processes owned by the plaintiff as aforesaid," and " that plaintiff recover damages against the defendants, and each of them, in the sum of Twenty-five Thousand ($25,000) Dollars and in such additional sum as may be found due upon said accounting."

After trial of the issues, an interlocutory judgment in favor of the plaintiff was entered which decreed, among other things, that the defendants be enjoined from manufacturing, selling or offering for sale any lipsticks, " made by the secret formulæ or secret processes which belong to the plaintiff;" that they be restrained from selling lipsticks " in containers which resemble those heretofore used by them or any containers used by plaintiff," and that they " account to plaintiff for all profits which plaintiff would have made on the lipsticks manufactured and sold by defendants from November 1, 1934, up to the present time if said lipsticks had been manufactured and sold by plaintiff."

The evidence showed that the defendants sold large size lipsticks in black and gold containers and other lipsticks in red and pink containers. The Appellate Division, upon appeal from the interlocutory judgment, made a new finding

that the containers used by plaintiff and imitated by the defendants "are the black and gold containers for the large size lipsticks." The court did not find that the red and pink containers were an imitation of any containers used by the plaintiff and accordingly it modified the injunctive provision contained in the interlocutory decree of Special Term so that the defendants were restrained from using the black and gold containers but were left free to use the red and pink containers. The court did not change the provision of the interlocutory judgment for an accounting.

The accounting has been held before an official referee and final judgment awarding to the plaintiff damages in the sum of $19,726.76 has been entered and unanimously affirmed by the Appellate Division. Upon the appeal to this court from the final judgment, the defendants do not challenge the injunctive provisions of the judgment, but they urge that the award of damages is not justified by the evidence. The defendants have wronged the plaintiff. They must pay to the plaintiff the damages they have caused the plaintiff by that wrong. A wrongdoer who has imitated the containers of the plaintiff and has used the secret formulas and processes belonging to the plaintiff might be compelled to " yield up his gains to the true owner, upon a principle analogous to that which charges a trustee with the profits acquired by wrongful use of the property of the *cestui que trust.*" (*Hamilton-Brown Shoe Co.* v. *Wolf Brothers & Co.*, 240 U. S. 251, 259.) Here it does not appear that the defendants acquired any profits, but they must compensate the plaintiff for any damages they may have inflicted upon the plaintiff even though they failed to realize the profit which they anticipated would accrue to them from the wrong. (*Westcott Chuck Co.* v. *Oneida Nat. Chuck Co.*, 199 N. Y. 247; *Hamilton-Brown Shoe Co.* v. *Wolf Brothers & Co., supra; Platinum Products Corp.* v. *Berthold*, 280 N. Y. 752; *Faber* v. *Hovey*, 73 N. Y. 592.) The problem presented upon this appeal is whether upon the evidence here presented the court has properly applied the correct measure of damages.

The wrong inflicted upon the plaintiff is analogous to the wrong suffered by an owner through infringement of his patent or trade-mark, and the rule of damages is similar. An infringer must compensate the owner of a trade-mark, a patent, a process or a formula for the profits which the owner would have acquired in his business except for such infringement. Here if the plaintiff would otherwise have made the sales of lipsticks which in fact the defendants made by the use of plaintiff's formulas, then the plaintiff is entitled to recover from the defendants the amount of the profits which the plaintiff would have acquired upon such sales but for the defendants' wrong. The evidence required to show that profits have been lost, and their amount, may depend upon the special circumstances of the case. The general rule has been established by an unbroken line of decisions in the courts of this State and of the United States, and the interlocutory decree has provided that it should be applied in this case.

The number of lipsticks manufactured in accordance with the secret formulas of the plaintiff, and sold by the defendants; the size of the containers used; and the persons to whom the sales were made, were shown by the books of the defendants. The costs and expenses of the plaintiff in manufacturing and selling its lipsticks; the countries where sales were made; and the prices obtained were shown by the plaintiff's books. Some of the containers used by the defendants were larger than the containers used by the plaintiff. The plaintiff's recovery was measured by the difference between the price which the plaintiff would have received upon the sale of the number of lipsticks it could have manufactured from the materials used by the defendants and the estimated costs and expenses which the plaintiff would have incurred in manufacturing and selling that number in addition to the lipsticks it actually manufactured and sold. It does not appear that the defendants' lipsticks were sold to plaintiff's customers; on the contrary, it appears that some of the defendants' lipsticks were sold in countries in which the plaintiff was not attempting to

distribute its product. With the exception of a comparatively small number of lipsticks which the defendants sold in black and gold containers resembling the plaintiff's containers, it does not appear that the defendants attempted or succeeded in deceiving their customers that they were buying goods manufactured by the plaintiff. The plaintiff has recovered the estimated profits it would have made on the lipsticks manufactured and sold by defendants *if* said lipsticks had been manufactured and sold by plaintiff, but there is no evidence in this case which would support a finding that plaintiff would have sold those lipsticks except for the defendants' wrong — at least, unless an inference that the plaintiff would have made those sales arises from the fact that the lipsticks made by both the plaintiff and the defendants were made according to a formula which only the plaintiff had the right to use.

The defendants challenge the manner in which the courts below have calculated the costs and expenses which the plaintiff would have incurred if it, rather than the defendants, had sold the lipsticks, in fact sold by the defendants. We do not reach the question of whether profits which the plaintiff might have made upon sales not actually made by it were correctly estimated unless we first determine that upon this record the plaintiff is entitled to recover *any* estimated profits upon such sales. We are told that the interlocutory judgment provides that the plaintiff is entitled to damages measured by such profit and that the defendants did not upon the appeal to the Appellate Division object to the form of the judgment. The language of the interlocutory judgment is not entirely clear upon that point and the learned referee held that under its terms further proof was not required to establish that the defendants' wrong had deprived the plaintiff of such profits. Assuming though not deciding that such construction is correct, then we must determine whether the court could properly insert in the interlocutory judgment the provision relied upon. The injunctive provisions of the interlocutory judgment were, as we have said, modified very sub-

stantially in the Appellate Division and the question whether the provisions for an accounting are an appropriate remedy for the wrongs which the court enjoined in the interlocutory judgment as modified is properly raised in this court.

The defendants have competed with the plaintiff and their competition has been wrongful. Estimated profits which the plaintiff might have derived from sales actually made by the defendants in competition with the plaintiff do not " measure the damages except as they are shown to represent loss to the plaintiff by a corresponding decrease of profits in his own business occasioned by such competition." (4 Sutherland on the Law of Damages [4th ed.], p. 4492.) " When a plaintiff in a trade-mark or unfair competition case seeks to recover damages, the burden is on him to prove by competent and sufficient evidence his lost sales, or that he was compelled to reduce prices as the result of his competitor's wrongful conduct. There is no presumption of law or of fact that a plaintiff would have made the sales that the defendant made." (*Dickinson* v. *Thum Co.*, 8 Fed. Rep. [2d] 570, 575.)

In every case where damages have been recovered, measured by profits which the plaintiff would have derived from sales made by a defendant if the plaintiff had made those sales, there has been some evidence tending to show that the defendant's wrongful acts have caused the plaintiff to suffer a commensurate decrease of profits. That is true in all the cases relied upon by the respondent upon this appeal. Thus, in *Conviser* v. *Brownstone & Co.* (209 App. Div. 584) the defendant's sales were made to plaintiff's own customers. In *Champlin* v. *Stoddard* (34 Hun, 109, 110) it was pointed out that " the referee found, upon sufficient evidence, that the plaintiffs were prepared and able to have sold the same quantity, in addition to what they did sell, during the same period. The evidence shows very clearly that the defendant's sales were made largely in places where the plaintiffs had an established market which they had built up by extensive advertising, the defendant's sales being at a reduced price, and in great

part to persons who had been customers of the plaintiffs." In *Lawrence-Williams Co.* v. *Societe Enfants Gombault Et Cie* (52 Fed. Rep. [2d] 774) the defendant had been the plaintiff's exclusive distributor in this country and when he ceased to sell the plaintiff's product he continued to be the sole distributor of the same article though then it was produced by himself. In *Platinum Products Corp.* v. *Berthold* (*supra*) the evidence showed that before the defendant began to distribute the same article which plaintiff manufactured and sold, the plaintiff had built up a national reputation and good will and sold its product to representative department stores throughout the country. The wrongful acts of the defendant enabled the defendant to sell, at a lower price, the same product in the same field and in consequence the plaintiff's business was ruined and damages were greater than the profits it would have made if it had sold the number of articles which the defendant actually sold. (Cf., also, *Rose* v. *Hirsh*, 94 Fed. Rep. 177; *Continuous Glass Press Co.* v. *Schmertz Wire Glass Co.*, 219 Fed. Rep. 199; *Regina Music Box Co.* v. *Otto & Sons*, 114 Fed. Rep. 505; *Transit Development Co.* v. *Cheatham E. S. Device Co.*, 194 Fed. Rep. 963, 966.) In all these cases there is evidence upon which findings were based to the effect that the plaintiff lost sales of its product to the extent measured by defendant's manufacture of its own.

It is true that the proof in these cases was often far from conclusive. Such proof is not required. The defendants are wanton wrongdoers and in such case " every doubt and difficulty should be resolved against them." (*Rubber Co.* v. *Goodyear*, 9 Wall. [U. S.] 788, 803.) " All that is necessary in order to prove actual damages is to furnish some reasonable basis or data on which to calculate them, and whenever the evidence is sufficiently definite to show the pecuniary loss suffered by the complainant, he is entitled to be reimbursed, no matter whether the infringer gained anything by the infringement or not." (*Creamer* v. *Bowers*, 35 Fed. Rep. 206, 208.)

In this case the evidence may be sufficient to permit the inference that the defendants have caused some loss of profits to the plaintiff, but is certainly insufficient to justify an inference that the plaintiff would have made all the sales actually made by the defendants if the defendants had not competed with it. The plaintiff's sales were not reduced after that competition began nor were its profits, and, as we have said, at least in part, the sales by the defendants were not made in territory where the plaintiff did business. We cannot upon this appeal make findings which would sustain even a partial recovery; that is a function of the trial court after weighing the evidence and choosing among possible inferences.

The judgments should be reversed, and a new trial granted to determine the plaintiff's damages, in accordance with this opinion, with costs to the appellants to abide the event.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.