RONSON ART METAL WORKS, INC., Appellant-Respondent, *v.* GIBSON LIGHTER MFG. Co. et al., Defendants, and GEORGE J. MANNE, Doing Business as GIBSON LIGHTER MFG. Co., et al., Respondents-Appellants.

First Department, February 26, 1957.

228

*Joseph Lorenz* of counsel (*Lorenz, Finn & Giardino*, attorneys), for appellant-respondent.

*Bernard A. Saslow* of counsel (*Harold S. Lynton* and *Harold A. Axel* with him on the brief; *Lynton & Saslow*, attorneys), for respondents-appellants.

FRANK, J. In this action for an injunction and damages, based upon a charge of unfair competition, the defendants George J. Manne (doing business as Gibson Lighter Mfg. Co.), Continental Merchandise Co., Inc., and Gibson Lighter Manufacturing Corp. appeal from a final judgment for the plaintiff and against them, in the amounts respectively of $15,744.92, $82,124.48, and $19,591.57. The plaintiff cross-appeals on the ground that the sums awarded are insufficient.

The plaintiff is the manufacturer of the "Ronson" lighter, including the automatic feature protected by patents, most of which expired in 1952. Upon the expiration date the defendant Manne began manufacturing lighters and continued to do so

until January, 1953, when he was succeeded in this endeavor by the defendant Gibson. The defendant Continental imported lighter parts which it assembled and sold to Manne until Gibson was organized. Thereafter Continental sold the parts to Gibson which did the assembling.

It is not disputed that upon the termination of the patent rights, the defendants were free to duplicate the device (*Singer Mfg. Co.* v. *June Mfg. Co.,* 163 U. S. 169).

After trial, the court determined that the defendants had competed unfairly, and an interlocutory judgment was entered which enjoined the defendants and designated a private Referee to determine an amount to be awarded to the plaintiff as fair compensation for the illegal acts of the defendants.

On appeal from the interlocutory judgment, this court (283 App. Div. 937) found the injunction '' too general and indefinite '' and modified it to require the defendants to clearly identify the source of manufacture of their product, and prohibited particular slogans which the defendants used in their advertising. It is implicit that all findings and conclusions of the trial court inconsistent with our decision were thus reversed. In modifying the judgment, this court stated, '' we are satisfied that there was such a combined copying of plaintiff's designs, slogans, legends and advertising art as to stimulate confusion and constitute unfair competition. This is so even though defendants were entitled to copy the product design * * *. It is difficult to divine how plaintiff may satisfactorily establish any claim for compensation due to defendants' unfair competition as distinguished from any detriment that might have been suffered from the entirely legitimate competition of duplicating plaintiff's product and selling it for less, but we will allow the reference to ascertain and report damages to stand in the event plaintiff wishes to pursue it.''

At the reference, the plaintiff proceeded upon the theory that to recover damages, it was only required to prove the defendants' profits. It offered no proof to establish any causal relationship between those profits and its own losses, if any, or any other monetary detriment which it might have suffered. It was not shown that the defendants' sales would have gone to the plaintiff absent unfair competition, or that its volume was reduced by the defendants' operations. Nor was it demonstrated that the plaintiff had incurred additional expense to lessen the force of the defendants' illegal acts, as by increased advertising or other publicity. In sum, it relied entirely upon its contention that being in equity, it was only required to prove the defendants' profits.

The Referee found that the proper measure of compensation to be awarded the plaintiff was the entire profits realized by the three appealing defendants, from June, 1952, to May 31, 1954. To reach the determination the Referee, although taking cognizance of the opinion of this court, hurdled the clear import of its language by assuming that the difficulty of proof which we envisioned was cured by the simple expedient of an accounting to determine the defendants' profits. The plaintiff was not directed to make proof in accordance with our direction that its claim for compensation must be based upon "defendants' unfair competition as distinguished from any detriment that might have been suffered from the entirely legitimate competition of duplicating plaintiff's product and selling it for less".

The plaintiff asserts that *Michel Cosmetics* v. *Tsirkas* (282 N. Y. 195); *Westcott Chuck Co.* v. *Oneida Nat. Chuck Co.* (199 N. Y. 247), and *Winifred Warren, Inc.,* v. *Turner's Gowns* (285 N. Y. 62) are authority for the proposition that where it is difficult to determine the portion of sales attributable to unfair competition the plaintiff should recover the defendants' entire profits. It is clear, however, from an analysis of the cited cases that the theory of accounting for profits was based upon the assumption that the defendant had either infringed upon the plaintiff's trade-mark or name, had passed its goods off as the plaintiff's, or had unfairly competed with the deliberate purpose of pre-empting business which would otherwise have gone to the plaintiff. The accounting for profits under such circumstances is not in lieu of nor an alternate measure of damages, but is a method of computing damages. (*Biltmore Pub. Co.* v. *Grayson Pub. Co.,* 272 App. Div. 504, 507.) In this case, however, we found, as did the trial court, that the defendants were guilty of stimulating confusion rather than palming off their product as that of the plaintiff.

It is generally recognized that a defendant's profits are not awarded as a matter of course, nor is there any presumption that a defendant's profits are attributable to the adjudged unfair competition. (*Straus* v. *Notaseme Co.,* 240 U. S. 179, 181; *Biltmore Pub. Co.* v. *Grayson Pub. Co., supra*; *Roman Silversmiths* v. *Hampshire Silver Co.,* 282 App. Div. 21, affd. 306 N. Y. 894; *Ludington Novelty Co.* v. *Leonard,* 127 F. 155, cert. denied 197 U. S. 620; *Penney Co.* v. *Lee Mercantile Co.,* 120 F. 2d 949; Restatement, Torts, § 747, Comment c, pp. 649–650.)

Unfair competition is a form of unlawful business injury. (*Penney Co.* v. *Lee Mercantile Co., supra,* p. 954; 87 C. J. S., Trade-Marks, § 13, p. 241.) The incalculable variety of illegal

commercial practices denominated as unfair competition is proportionate to the unlimited ingenuity that overreaching entrepreneurs and trade pirates put to use. Hence, in assessing damages or requiring an accounting therefor, the nature and effect of the unfair competition becomes important. The disposition of each case largely "depends upon the precise state of facts disclosed." (*Roman Silversmiths* v. *Hampshire Silver Co., supra,* p. 27.) The relief granted should be tailored to achieve the nice balance of adequately redressing the wrong without the imposition of punishment for the exercise of a legitimate business function. Differently stated, it was held in *Penney Co.* v. *Lee Mercantile Co.* (*supra,* p. 958) that: "In a case of unfair competition, the court will endeavor to adapt its relief to the general equities of the particular situation, as nearly as it is possible to do so."

There is an area of unfair competition which does not consist of palming off, but of creating confusion. It exists where a merchant or manufacturer mingles the permissible activity of imitating a product in the public domain and selling the copy at a lower price, with such improper presentation, packaging or advertising of his product as would tend to deceive the public.

The granting of injunctive relief does not necessarily import a requirement that damages must be awarded or an accounting either for profits or "damages" directed. Unfair competition has often been restrained without monetary reparation, either because the proof failed to establish sufficient causal relationships between the prohibited conduct and the profits earned by the defendant, or the damages were *de minimis,* or there was insufficient evidence to establish that, absent the unfair competition, the plaintiff would have made the sales which the defendant did. (*Straus* v. *Notaseme Co.,* 240 U. S. 179, 183, *supra; Roman Silversmiths* v. *Hampshire Silver Co.,* 282 App. Div. 21, affd. 306 N. Y. 894, *supra; Biltmore Pub. Co.* v. *Grayson Pub. Co.,* 272 App. Div. 504, *supra; Lerner* v. *Sportsmaster Co.,* 4 Misc 2d 478, BREITEL, J.; *Avon Periodicals* v. *Ziff-Davis Pub. Co.,* 282 App. Div. 200; *Penney Co.* v. *Lee Mercantile Co.,* 120 F. 2d 949, 958, *supra.*)

Mr. Justice HOLMES in reversing an award of profits in the *Notaseme* case (pp. 181, 183) expressed his view on this proposition when he said: "The liability of the defendant must be derived from unfair competition if it exists. * * * But it does not follow that the defendants are chargeable with profits as a matter of course. Very possibly the statutory rule for wrongful use of a trade-mark may be extended by analogy to unfair competition in a proper case. But as the ground of

recovery in the latter instance is that the defendant has taken some undue advantage of the plaintiff's reputation, or that of his goods, and as the nature and extent of the wrong may vary indefinitely, it cannot be assumed in all cases that the defendant's sales were due to that alone. * * * The petitioners properly were enjoined from further use of the mark in controversy, but so far as the decree charged them with profits it is reversed.''

The basic rule of damages in a case of unfair competition is the amount which the plaintiff would have made, except for the defendant's wrong. (*Santa's Workshop* v. *Sterling*, 2 A D 2d 262, 267; *Michel Cosmetics* v. *Tsirkas*, 282 N. Y. 195, *supra.*)

On the record before us, we are not persuaded that an award of the defendants' entire profits, as found by the Referee, would be proper in the circumstances of this case. The proof failed to establish that the defendants' over-all sales were bottomed on the incidents of unfair competition, and since the defendants could legitimately duplicate the plaintiff's product and sell it for less, the net proceeds of the defendants' sales generally could not be deemed to constitute a trust in favor of the plaintiff. An accounting for profits is not justified in a case of unfair competition where the proof of the profits emanating from that source would be speculative. (*Santa's Workshop* v. *Sterling*, 2 A D 2d 262, *supra*; *Straus* v. *Notaseme Co.*, 240 U. S. 179, 181, *supra*; *Biltmore Pub. Co.* v. *Grayson Pub. Co.*, 272 App. Div. 504, 507, *supra*; *Ludington Novelty Co.* v. *Leonard*, 127 F. 155, 157, cert. denied 197 U. S. 620, *supra*; Restatement, Torts, § 747, pp. 649–650.)

We are constrained to remit this case to the Referee to take proof and determine the fair compensation, if any, due the plaintiff for the illegal acts of the defendants, in accordance with the directions herein contained. In so doing, we call attention to the language in *Michel Cosmetics* v. *Tsirkas* (282 N. Y. 195, 202, 204, *supra*) in which the Court of Appeals stated: '' ' When a plaintiff in a trade-mark or unfair competition case seeks to recover damages, the burden is on him to prove by competent and sufficient evidence his lost sales, or that he was compelled to reduce prices as the result of his competitor's wrongful conduct. There is no presumption of law or of fact that a plaintiff would have made the sales that the defendant made.' (*Dickinson* v. *Thum Co.*, 8 Fed. Rep. [2d] 570, 575.) * * * In this case the evidence may be sufficient to permit the inference that the defendants have caused some loss of profits to the plaintiff, but is certainly insufficient to justify an inference that

the plaintiff would have made all the sales actually made by the defendants if the defendants had not competed with it.''

The judgment should be reversed and the matter remitted to the Referee to take proof and report as to the fair compensation, if any, due the plaintiff for the illegal acts of the defendants in accordance with the directions herein contained, with costs to defendants-appellants. The cross-appeal should be dismissed.

BOTEIN, J. P., RABIN, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed and the matter remitted to the Referee to take proof and report as to the fair compensation, if any, due the plaintiff for the illegal acts of the defendants in accordance with the opinion herein, with costs to the defendants-appellants. The cross-appeal is unanimously dismissed. Settle order on notice.