■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH STOESSEL, Appellant.— Appeal by defendant from a judgment of the County Court, Rockland County, rendered February 27, 1973, convicting him of arson in the third degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed three years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to probation for a period of five years (cf. Penal Law, § 65.00, subd. 3, par. [a], cl. [i]). As so modified, judgment affirmed and case remanded to the County Court, Rockland County, (1) for the fixing of the conditions of probation, which shall include the requirement that defendant shall submit to such psychiatric counseling assistance as shall be determined by the County Court and (2) for further proceedings to require defendant to surrender himself in order that execution of the judgment, as modified hereby, be commenced or resumed. In our opinion, the interests of society and the ends of justice will be adequately served by reducing this first offender's sentence to probation for five years. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

■ RITEOFF INC., Appellant, v. CONTACT INDUSTRIES, INC., Respondent. — In an action *inter alia* for an injunction, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered February 26, 1973, as dismissed plaintiff's complaint. Judgment reversed, insofar as appealed from, on the law and the facts, with costs, and case remitted to the trial court for (1) the making and entry of an amended judgment (a) enjoining defendant from making, selling and distributing any products, including "All-Task" and "Rub-Off", made from the same or substantially the same formula as plaintiff's secret formula for its product "Rite-Off" and (b) directing defendant to account to plaintiff for all profits wrongfully diverted from plaintiff to defendant on its sales of "All-Task" and "Rub-Off" and (2) further proceedings not inconsistent with this determination. In April, 1968 plaintiff hired defendant to manufacture and package for plaintiff the latter's vandal spray cleaner under plaintiff's registered trademark "Rite-Off". For this purpose plaintiff divulged its secret but unpatented formula for the cleaner to defendant in confidence. This relationship had ended by August, 1969. Defendant produced its own vandal spray cleaner under the labels "All-Task" and "Rub-Off". Alleging that defendant had manufactured its product from plaintiff's formula without its knowledge or consent, plaintiff brought this action for a permanent injunction, an accounting and damages as determined by the accounting. At the trial, plaintiff's

president testified that the secret of the formula consisted in the nature and amount of its ingredients. Plaintiff produced an expert chemist who testified that he had been given two cans of spray labeled "All-Task" and "Rite-Off" which he analyzed and found to contain exactly the same ingredients ("Cellusolve" and "Dowanol" being chemically the same), except that defendant's product "All-Task" contained 72% water and plaintiff's product "Rite-Off" contained 22% water. Unless the formula provides otherwise, a variation of plus or minus 5% of an ingredient is permitted by commercial mixing standards. In his opinion, a properly skilled and trained chemist could, with proper equipment, break down the formula and ascertain its ingredients and the percentage thereof, but this would require a very detailed and difficult analysis. Plaintiff called as its witness defendant's president, who said defendant had never used more than 23% water in its product and, hence, could not have manufactured the spray labeled "All-Task" which plaintiff's chemist had analyzed and found to contain 72% water. He admitted, however, that defendant had made a vandal spray cleaner called "All-Task" and had packaged the same product for another firm under the private label of "Rub-Off". He said defendant had never sold any "All-Task", though it might have given out some free samples under that name. He further admitted that it had sold its product "All-Task" under other labels, such as "Pro-Pack", and that, in arriving at its formula, defendant no doubt initially had leaned on its knowledge of that type of product — it had originally made the product "Rite-Off" for plaintiff and its formula was based on plaintiff's formula for "Rite-Off". Plaintiff offered in evidence defendant's cost sheet for "All-Task" and "Rub-Off", which showed that defendant had used the same formula for both products. Defendant's president said that its formula differed from plaintiff's primarily in the percentages of ingredients plus an additional ingredient for odor. In our opinion the foregoing evidence, which was uncontradicted, established (1) that plaintiff had a secret formula for its product "Rite-Off" which it disclosed to defendant in a confidential relationship when it retained defendant to manufacture and package "Rite-Off" for it; (2) that defendant in breach of its confidential relationship had manufactured and/or sold a spray cleaner labeled "All-Task" and "Rub-Off" and various other names the formula for which was based on plaintiff's formula for "Rite-Off" and differed from it primarily in percentages of ingredients, plus an additional ingredient for odor. There was no evidence that the variation in percentages of ingredients in the parties' formulas exceeded the normal variation ordinarily permitted by commercial mixing standards. In the light of this uncontradicted evidence, we find that as a matter of law plaintiff's formula for "Rite-Off" was a trade secret which it divulged to defendant in a confidential relationship to enable the latter to manufacture "Rite-Off" (cf. *Ferranti Elec.* v. *Harwood,* 43 Misc 2d 533, 540–541). Implicit in the parties' realtionship was defendant's absolute duty not to use confidential knowledge, acquired in its employment by plaintiff, in competition with the latter (see *Sealectro Corp.* v. *Tefco Electronics,* 32 Misc 2d 11, 14 and cases there cited). Plaintiff did not lose its rights merely because it had revealed the secret to defendant and others to permit them to manufacture and package "Rite-Off" for it or because defendant could, but did not, break down plaintiff's formula and ascertain its ingredients and their percentages by means of a very difficult and detailed chemical analysis (cf. *Minnesota Min. & Mfg. Co.* v. *Technical Tape Corp.,* 23 Misc 2d 671, 678–679, 684–685, affd. 15 A D 2d 960). We conclude that the complaint should not have been dismissed and that plaintiff should be granted injunctive relief and an accounting (cf. *Spiselman* v. *Rabino*

*witz,* 270 App. Div. 548). Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.