■ COMMUNICATIONS CAPITAL CORPORATION, Appellant, v. MERIDIAN MEDIA, INC., Respondent-Appellant; LONG ISLAND BROADCASTING CORPORATION, Intervenor-Respondent, and ENJAY REALTY CORP., Cross-Claim Defendant-Respondent-Appellant.— Two judgments of the Supreme Court, Suffolk County, entered October 5, 1972 and December 6, 1972, respectively, affirmed on the two opinions of Mr. Justice Stark at Special Term, dated May 1, 1972 and November 8, 1972, respectively, with one bill of costs to Long Island Broadcasting Corporation jointly against appellants appearing separately and filing separate briefs. Gulotta, P. J., Martuscello, Shapiro, Benjamin and Munder, JJ., concur.

■ GRAMERCY BROKERAGE CORP., Respondent-Appellant, v. PAUL COHEN, Defendant and Third-Party Plaintiff-Appellant-Respondent and HERBERT S. CANNON et al., Third-Party Defendants-Respondents.— In an action in which an interlocutory judgment of the Supreme Court, Queens County, was made on July 25, 1973, after a nonjury trial, awarding plaintiff injunctive relief, dismissing the counterclaims of defendant and third-party plaintiff against plaintiff and of the third-party defendants, and directing defendant to render an accounting to plaintiff, (1) defendant and third-party plaintiff appeals from the interlocutory judgment in its entirety and (2) plaintiff cross-appeals from so much thereof as limits plaintiff's financial recovery and the accounting to " all of the profits from defendant's solicitation of insurance business from plaintiff's customers ", etc., as set forth in the fifth decretal paragraph of the interlocutory judgment. Interlocutory judgment modified, on the law and the facts, by deleting from the fifth decretal paragraph thereof the words " all of the profits from " and substituting therefor the following: " the amount of loss sustained by plaintiff, including opportunities for profit on the accounts diverted from plaintiff through." As so modified, interlocutory judgment affirmed, without costs. In our opinion, defendant's claims were not substantiated and plaintiff clearly established its causes of action. Under all the circumstances herein, we hold plaintiff's cross appeal properly before us, that it should be entertained and that the fifth decretal paragraph should be modified so as to be in accord with the rule set forth in Duane Jones Co. v. Burke (306 N. Y. 172, 192). Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.