■ YVONNE LAZAN et al., Respondents, v HOWARD T. BELLIN, Appellant, et al., Defendant. — Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered January 3, 1983, which granted plaintiffs' cross motion in a medical malpractice action to compel defendant doctor to comply with notice of discovery to produce defendant's appointment book and telephone log for 1980, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs, to permit defendant to comply by submitting copies of the pages of the appointment book and telephone log for February through May, 1980, redacting the names of patients other than plaintiff. This is a medical malpractice action alleging that plaintiff had been abandoned by the defendant doctor following a plastic surgery operation. As limited by the bill of particulars, the negligent acts and omissions occurred between February and May, 1980. On August 4, 1982 plaintiff served a notice of discovery and inspection requiring the defendant doctor to produce, *inter alia,* his entire original 1980 office appointment book and the complete original, or a complete set of carbon copies, of his entire 1980 telephone message pad book or log. On September 7, 1982 defendant moved for a protective order which, as pertinent to the issues presented on the appeal, sought to limit the requested records to the period extending from February to May, 1980, and to permit the defendant doctor to provide redacted copies of the records, eliminating references to all patients other than plaintiff. Plaintiff in turn moved to compel defendant's compliance with the original notice of discovery and inspection. Special Term denied the motion for a protective order, and granted in its entirety plaintiff's motion to require compliance. Defendant's motion for a protective order was not served within the time prescribed by CPLR 3122, a circumstance which ordinarily precludes consideration of its merits unless the notice in question is palpably improper or involves privileged matter. (See *Wood v Sardi's Rest. Corp.,* 47 AD2d 870; *Soifer v Mount Sinai Hosp.,* 63 AD2d 713.) In our view, the notice in question was palpably improper since the documents sought indisputably included the names of other patients of the defendant whose legitimate claims to privacy should not be infringed in the absence of a more significant showing of need than any that appears in this record. Nor was any appropriate showing made that would justify production of the requested records for the period extending far beyond the period specified in the bill of particulars as encompassing the defendant's alleged negligent acts and omissions. In light of the legitimate and substantial interest of individuals other than the immediate parties in the order appealed from, we are not persuaded that the appeal should be dismissed because, subsequent to the issuance of the order which is the subject of the appeal, the defendant's answer was stricken by default. Concur — Kupferman, J. P., Sandler, Ross, Asch, and Alexander, JJ.