■ JAMES FLORCZAK, Doing Business as WHERE IT ALL BEGAN BAT COMPANY, Appellant, v DONALD OBERRITER et al., Doing Business as COOPERSTOWN BAT COMPANY, et al., Respondents. [857 NYS2d 307]—

Kavanagh, J. Appeals (1) from an order of the Supreme Court (Dowd, J.), entered April 2, 2007 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff and defendants Donald Oberriter and Sharon Oberriter are competitors who manufacture and sell baseball bats in and around the Village of Cooperstown, Otsego County.* In this action, plaintiff alleged that defendants have engaged in false advertising in the manner in which they marketed commemorative baseball bats that they sold to the general public from a retail store located in Cooperstown. Specifically, plaintiff alleges that defendants confused and misled potential consumers by falsely claiming in their advertisements that they "manufac-

---

* When plaintiff began to operate his business, he did so under the name Cooperstown Baseball Company, among others. Defendant Cooperstown Bat Company, of which the Oberriters are officers, directors and shareholders, commenced an action in federal court for trademark infringement, resulting in a permanent injunction requiring plaintiff to change its name.

ture" and "make" baseball bats and that these bats are made in Cooperstown—the birthplace of baseball—when in fact the vast percentage of these bats are actually manufactured in a factory owned by defendants located two miles outside of Cooperstown. After discovery was completed, defendants moved for summary judgment claiming that, among other things, plaintiff's complaint failed to state a cause of action. Supreme Court granted defendants' motion prompting this appeal.

In 1981, Donald Oberriter started manufacturing and selling bats and other baseball memorabilia out of a restaurant the Oberriters owned and operated in Cooperstown. A year later, the Oberriters incorporated this business under the name Cooperstown Bat Company and rented a barn in Cooperstown which was used as a workshop to process and finish bats. In 1988, defendants began purchasing blank wooden billets from Ideal Wood Company, a company located in the Town of Little Falls, Herkimer County, which then would be formed and finished into baseball bats. In 1991, defendants moved much of their manufacturing operation to a new facility they erected in Fly Creek, some two miles outside of Cooperstown, and for the past eight years most of the processing and finishing work they performed on the baseball bats they sell in Cooperstown is done at this facility. Defendants' retail operation is located in a leased premises within Cooperstown and a workshop is located in the basement which is used to perform some laser engraving on baseball bats that are sold at the store. Defendants concede that approximately 95% of the bats they sell are actually produced from formed, wooden billets that are cut by Ideal Wood while the remaining 5% are formed by defendants at the Fly Creek facility.

To establish a claim for false advertising, a plaintiff must establish that the content of the advertisements are deceptive and misleading in a material way, have an impact upon consumers at large and cause injury (see *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *Matter of People v Applied Card Sys., Inc.*, 27 AD3d 104, 106 [2005], *appeal dismissed* 7 NY3d 741 [2006]; *Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2002]). Initially, it must be noted that plaintiff has failed to submit any competent evidence that his company has lost sales as a result of the alleged false advertisements or "that . . . defendant[s'] wrongful acts have caused . . . plaintiff to suffer a commensurate decrease of profits" (*Michel Cosmetics, Inc. v Tsirkas*, 282 NY 195, 202 [1940]). Instead, plaintiff asserts that his damages should be measured by the number of bats that defendants

have been able to sell during the period in question and, more specifically, had it not been for defendants' false advertising, plaintiff, rather than defendants, would have made these sales. However, plaintiff has not only failed to provide any evidence to support this claim, he has not submitted any proof that the gross amount of sales made by his business actually decreased during the period in question. In addition, records that he has submitted fail to distinguish between his company's sale of baseball bats and other baseball memorabilia, and therefore cannot be used to establish that he has in fact been damaged as a result of these alleged false advertisements.

Plaintiff has not submitted any competent evidence that the allegedly false advertisements had a deceptive or misleading impact upon a " 'consumer acting reasonably under the circumstances' " (*Matter of People v Applied Card Sys., Inc.*, 27 AD3d at 107, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26; *accord Solomon v Bell Atl. Corp.*, 9 AD3d 49, 50 [2004]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002]). While plaintiff submits that the general tone of defendants' advertisements is misleading, he does not offer any evidence that they had such an impact upon a reasonable consumer, or that such a consumer purchased a bat from defendants because they believed the bat was completely manufactured within the confines of Cooperstown or because of some other misrepresentation contained in defendants' advertisements. Plaintiff's contention, reduced to its simplest terms, is essentially that defendants misled the public by claiming to be Cooperstown's first bat manufacturer when, in fact, the bulk of its manufacturing operation takes place outside Cooperstown at a facility in Fly Creek. However, a fair reading of these advertisements establishes that the Cooperstown store, as represented by defendants, is a retail operation, while the Fly Creek facility is clearly identified throughout the advertisements as a factory used in the manufacture of these baseball bats. This conclusion is reinforced by invitations made by defendants throughout these advertisements to the public to "[d]rop by their store at 118 Main Street in Cooperstown, or just over the hill at their Fly Creek factory, to smell the wood chips and see what they do."

Finally, while most of the baseball bats that defendants sell at the retail store are finished using wooden billets purchased from another entity, the fact is that the wooden billets become commemorative baseball bats as a result of the work performed on them by defendants. The coating, staining, engraving and the placement of decals are all an essential part of the processes

employed by defendants to transform these wooden billets into baseball bats as well as commemorative baseball memorabilia that is ultimately purchased by the public.

As plaintiff has failed to establish the existence of any questions of fact in his claim of false advertisement, Supreme Court properly granted summary judgment and dismissed the complaint. Plaintiff's remaining contention has been reviewed and is lacking in merit.

Peters, J.P., Carpinello, Kane and Stein, JJ., concur. Ordered that the order and judgment are affirmed, with costs.